IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SWIRLATE IP LLC, | |
| Plaintiff, | |
| v. | Civil Action No. 20-1283-CFC |
| KEEP TRUCKIN, INC., | |
| Defendant. | |

Jimmy Chong, CHONG LAW FIRM, P.A., Wilmington, Delaware; David R. Bennett, DIRECTION IP LAW, Chicago, Illinois

　*Counsel for Plaintiff*

Benjamin J. Schladweiler, GREENBERG TRAURIG, LLP, Wilmington, Delaware; Joshua L. Raskin and Vimal M. Kapadia, GREENBERG TRAURIG, LLP, New York, New York

　*Counsel for Defendant*

**MEMORANDUM OPINION**

July 28, 2021
Wilmington, Delaware

_[signature]_
COLM F. CONNOLLY
CHIEF JUDGE

Plaintiff Swirlate IP LLC has sued Defendant Keep Truckin, Inc. for infringement of U.S. Patent Nos. 7,154,961 and 7,567,622, both of which relate to the field of Automatic Repeat Request (ARQ) transmission techniques in wireless communication systems. D.I. 1 ¶¶ 11, 28. Pending before me is Keep Truckin's motion to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. D.I. 11. For the reasons discussed below, I will grant the motion.

## I. BACKGROUND

The following facts are taken from the Complaint and assumed to be true for screening purposes. *See Umland v. PLANCO Fin. Servs., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008).

Swirlate is a Texas limited liability company with an address in Plano, Texas. D.I. 1 ¶ 1. Keep Truckin is a Delaware corporation with a place of business in San Francisco, California. D.I. 1 ¶ 2. Swirlate alleges in the Complaint that Keep Truckin "has been directly infringing at least claim 1 of [the asserted patents] by performing actions comprising at least performing the claimed ARQ re-transmission method by performing the steps of the claimed invention using the KeepTruckin Vehicle Gateway to transmit data." D.I. 1 ¶¶ 16, 31.

According to the Complaint, the KeepTruckin Vehicle Gateway uses hybrid ARQ (HARQ) transmission and retransmission methods in an LTE network to transmit data from the accused product to an LTE base station. D.I. 1 ¶¶ 17, 32. Keep Truckin seeks to dismiss the Complaint in its entirety, contending that Swirlate has failed to adequately plead infringement. D.I. 12 at 1.

## II. LEGAL STANDARDS

### A. Rule 12(b)(6)

To state a claim on which relief can be granted, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but the complaint must include more than mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). The complaint must set forth enough facts, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* at 570. A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). Deciding whether a claim is plausible is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679 (citation omitted).

## B. Direct Infringement

Liability for direct infringement arises when a party "without authority makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent." 35 U.S.C. § 271(a). To plead direct infringement, a plaintiff must allege facts "that plausibly indicate that the accused products contain each of the limitations found in the claim." *TMI Sols. LLC v. Bath & Body Works Direct, Inc.*, 2018 WL 4660370, at *9 (D. Del. Sept. 28, 2018) (citations omitted). "The complaint must place the potential infringer on notice of what activity is being accused of infringement." *Nalco Co. v. Chem–Mod, LLC*, 883 F.3d 1337, 1350 (Fed. Cir. 2018) (internal quotation marks, alterations, and citation omitted). To provide notice, a plaintiff must generally do more than assert that the accused product meets the claim elements; it must show how the defendant plausibly infringes by alleging some facts connecting the accused product to the claim elements. *See SIPCO, LLC v. Streetline, Inc.*, 230 F. Supp. 3d 351, 353 (D. Del. Jan. 20, 2017) (granting a motion to dismiss a direct infringement claim because "[t]he complaint contains no attempt to connect anything in the patent claims to anything about any of the accused products.").

## III. DISCUSSION

For each of the asserted patents, Swirlate's direct infringement allegations

3

consist of: identifying the accused product, pointing to websites that provide general information about the accused product and related industry standards, and asserting without explanation that the steps performed by the accused product satisfy each and every claim limitation of the asserted claims. These allegations fall short of the *Iqbal/Twombly* pleading standard because they fail to allege facts showing how the accused product performs each step of each claim element.

In support of its infringement allegations, the Complaint provides links to (1) a website maintained by Keep Truckin that describes its WiFi Hotspot product; (2) a webpage containing an LTE industry standards document published by the European Telecommunications Standards Institute (ETSI); and (3) an article about HARQ on a website entitled Techplayon. D.I. 1 ¶¶ 16-24, 31-40. But the Complaint fails to cite or identify with specificity the information on each website that explains and connects the steps that are performed using the accused product to the elements of each claim. And Swirlate argues in its briefing that the ETSI standards document is irrelevant to its infringement claims. *See* D.I. 17 at 9 (stating that Keep Truckin's arguments about the inadequacy of the Complaint's link to the ETSI standards document are "irrelevant because the Complaint does not allege that use of the accused instrumentality infringes because it complies with sections of the ETSI Standard.").

Citing *Disc Disease Sols. Inc. v. VGH Sols, Inc.*, 888 F.3d 1256, 1259 n.3

4

(Fed. Cir. 2018), Swirlate contends that it has adequately alleged infringement by "identify[ing] the accused product by name and alleg[ing] that the accused product meets each and every element of at least one claim of the asserted patents literally." D.I. 17 at 8. In contrast to *Disc Disease*, however, this case does not involve a simple technology, and such assertions are not sufficient to meet the *Iqbal/Twombly* plausibility standard. *See Boston Sci. Corp. v. Nevro Corp.*, 415 F. Supp. 3d 482, 490 n. 2 (D. Del. Nov. 25, 2019).

In short, the Complaint does not allege how Keep Truckin's accused product performs the steps of the claim elements. Accordingly, Swirlate has failed to provide Keep Truckin with fair notice of the basis for Swirlate's direct infringement claims. *See SuperInterConnect Techs., LLC v. HP Inc.*, 2019 WL 6895877, at *2 (D. Del. Dec. 18, 2019).

## IV. CONCLUSION

For the foregoing reasons, I will grant Keep Truckin's motion to dismiss the Complaint.

The Court will enter an order consistent with this Memorandum Opinion.